# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MELISSA C. MCILWAIN, | No. 60513-9-II |
| Appellant, | |
| v. | |
| STANELY D. MCILWAIN, | UNPUBLISHED OPINION |
| Respondent. | |

Veljacic, A.C.J. — Melissa McIlwain[1] appeals the trial court's grant of a major modification and resulting parenting plan governing the care of Melissa and Stanley's three children. Melissa raises several arguments on appeal.[2] Because Melissa did not provide the record necessary for us to review the issues she raises on appeal as RAP 9.2(b) requires, we decline to review the merits of her arguments, and we affirm.

---

[1] Because Melissa and Stanley share the same last name, we will refer to the parties by their first names. No disrespect is intended.

[2] Melissa also includes several arguments in a statement of additional grounds for review (SAG) pursuant to RAP 10.10. Because RAP 10.10 is reserved for criminal defendants, we decline to consider any of these arguments.

## FACTS[3]

Melissa and Stanley divorced in August 2020. The parenting plan entered at that time provided Melissa would be the custodian and sole decision-maker for their children regarding education and health care. The residential schedule had the children residing with Melissa a majority of the time.

In November 2022, Melissa filed a petition to relocate the children. Melissa had "accepted a career as an apprentice plumber" with a company in Florida, and her start date was December 5. Clerk's Papers (CP) at 450. Stanley objected to the petition for relocation and moved to temporarily prevent Melissa from taking their children with her to Florida. A commissioner entered a temporary parenting plan on November 17, dictating that Melissa and Stanley would have joint decision-making regarding education and health care, but the children would still reside primarily with Melissa.

The trial court subsequently ordered the children to remain in Washington pending a trial on the petition for relocation. The court also appointed a guardian ad litem (GAL) to evaluate "[a]ll issues related to the relocation of . . . the children." CP at 96. Melissa moved to Florida, and the children resided with Stanley full-time during this period. The portions of the record provided to us do not show a specific date on which the children began residing with Stanley full time.

---

[3] Because we decline to address the merits of the appeal, we are providing only a summary of the underlying facts.

The trial regarding the petition for relocation was held beginning on May 22, 2023. Halfway through trial, Melissa informed the trial court that she had moved back to Washington and was "withdrawing her request to relocate."[4] Rep. of Proc. (RP) at 129.

Stanley filed a motion to amend the parenting plan and motion for adequate cause on October 27.[5] Melissa did not attend this hearing, and the court later entered an order determining that there was adequate cause to hold a trial on modification of the parenting plan on January 5, 2024.

Following the trial court's finding of adequate cause, it entered a new temporary parenting plan. The plan made Stanley the custodian and sole decision-maker regarding education, health care, and extracurricular activities. The plan also dictated that the children would primarily live with Stanley. Melissa moved for the court to reconsider the temporary parenting plan, but the court denied her request and reiterated that the plan would be in effect through the second trial.

The second trial concluded on July 16, 2024. Afterward, "the parties agreed to have the court consider facts [and exhibits] from the previous relocation trial," as well the second trial focusing on modification of the parenting plan. CP at 416.

The trial court issued its final order and findings on the petition to modify the parenting plan on September 24. Ultimately, the trial court adopted as final the temporary parenting plan that made Stanley the custodian and sole decision-maker and had the children primarily reside with him. The trial court concluded that "it was in the best interest of the children to be with [Stanley] the majority of the time during the school year and alternate holidays." CP at 431.

---

[4] The trial was postponed approximately midway through the proceedings to accommodate the parties' schedules.

[5] The trial court's final order and findings modifying the parenting plan indicated that the hearing was held in December, not October.

Melissa appeals.

We include additional facts related to the issue below.

ANALYSIS

Melissa raises several arguments on appeal. First, Melissa argues the trial court failed to properly apply the "best interest" factors articulated in RCW 26.09.187. Second, Melissa asserts that the final parenting plan is not supported by substantial evidence. And third, Melissa claims that she was denied her right to due process because the trial court was overtly hostile toward her throughout the proceedings, the trial court denied her the ability to present relevant evidence, and the trial court relied on hearsay to make its decision.

THE RECORD IS INSUFFICIENT FOR OUR REVIEW UNDER RAP 9.2(b)

Pro se litigants are held to the same standard as licensed attorneys. *Edwards v. Le Duc*, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010).

When appealing an alleged error, "[t]he party presenting an issue for review has the burden of providing an adequate record to establish such error." *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); RAP 9.2(b).[6] "Where the appellant has failed to meet its burden of [providing] the record, the reviewing court may decline to address the merits of an issue." *Tacoma S. Hosp., LLC v. Nat'l Gen. Ins. Co.*, 19 Wn. App. 2d 210, 220, 494 P.3d 450 (2021). Such result, however, should only be reached in the face of "compelling circumstances where justice demands." *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 693, 959 P.2d 687 (1998).

---

[6] RAP 9.2(b) provides that "[a] party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review."

Here, after Melissa withdrew her petition for relocation, the trial court found that there was adequate cause to modify the 2020 parenting plan.[7] Melissa does not challenge this finding of adequate cause on appeal. But Melissa does argue that the trial court abused its discretion in modifying the parenting plan. In light of the record before us, we are unable to evaluate this alleged error.

There are several portions of the report of proceedings missing. For example, at the relocation trial, the proceedings begin at 9:07 a.m., but the requested excerpt starts at 10:21 a.m. Notably, this cuts off a portion of Stanley's testimony. The excerpt again cuts off Stanley's testimony at 10:27 a.m. and picks up at 11:38 a.m. Afterward, there is almost a 2-hour gap in the requested excerpt of the proceedings. There are also missing portions of the GAL's testimony, totaling around an hour. Regarding Melissa's testimony, a portion of her direct examination, and presumably all of her testimony during cross-examination, is not included in the excerpt. The clerk's minutes were provided for only the June 5, 2024, hearing, which focused on contempt motions filed by the parties. The lack of the clerk's minutes limits our ability to know what evidence was presented on each day of trial.

Next, there is no excerpt from the hearing where the trial court found that there was adequate cause to change the parenting plan. And finally, at the second trial, another hour of the

---

[7] Melissa does argue that the trial court erred in basing adequate cause on her petition for relocation, which she withdrew. Melissa apparently drew this conclusion from an exchange in a portion of record that she *does* provide where the trial court asserted the adequate cause determination was based on Melissa's (withdrawn) petition for relocation. But as indicated, the trial court made an independent determination of adequate cause in a written order, based on Stanley's motion. Comments to the contrary are insufficient to undermine the court's written order. *State v. Molina*, 16 Wn. App. 2d 908, 922, 485 P.3d 963 (2021) (explaining that "Washington is a written order state" and a "written order is controlling and [a] trial court's oral statements . . . are no more than a verbal expression of its informal opinion at the time.").

transcript is not included in the excerpt, cutting out more of Stanley's testimony. And later on in the trial, there is yet another hour and fifteen minutes missing.

Upon reviewing the trial court's final order and findings on the petition to modify the parenting plan, the testimony of several witnesses who are listed as having testified at trial was not included in the excerpts provided to us. This further supports that the record is inadequate. The trial court expressly based its decision on the evidence and testimony presented at both trials. Because there are several missing portions of the relevant transcripts, we cannot adequately review Melissa's assignments of error. *Sisouvanh*, 175 Wn.2d at 619; RAP 9.2(b).

Therefore, we conclude that Melissa has failed to meet her burden of providing the record, and we decline to address the merits of her arguments under RAP 9.2(b).

### CONCLUSION

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, A.C.J.

We concur:

_____
Maxa, J.

_____
Glasgow, J.

6